# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | |
| Plaintiff, | Case No.: 2:16-cv-02258-GMN-CWH |
| vs. | |
| | **ORDER** |
| ALIANTE MASTER ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; NEVADA ASSOCIATION SERVICES, INC., | |
| Defendants. | |
| SFR INVESTMENTS POOL 1, LLC, | |
| Counter/Cross Claimant, | |
| vs. | |
| BANK OF AMERICA, N.A.; ALBERT C. SMITH, an individual; and DAWN D. SMITH, an individual, | |
| Counter/Cross Defendants. | |

Pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 63), filed by Plaintiff Bank of America, N.A. ("BANA"). Defendant SFR Investments Pool 1, LLC ("SFR") filed a Response, (ECF No. 69).

Also pending before the Court is SFR's Motion for Partial Summary Judgment, (ECF No. 65), and SFR's Counter Motion for Summary Judgment, (ECF No. 70). BANA filed a Response to SFR's Motion for Partial Summary Judgment, (ECF No. 79), and SFR filed a

Reply, (ECF No. 82). For the reasons discussed below, the Court **GRANTS** BANA's Motion and **DENIES** SFR's Motions.[1]

## I. BACKGROUND

BANA filed its Complaint on September 27, 2016, asserting claims involving the non-judicial foreclosure on real property located at 4029 Buteo Lane, North Las Vegas, NV 89084 (the "Property"). (Compl. ¶ 7, ECF No. 1). On June 19, 2008, Albert C. Smith and his wife Dawn D. Smith (the "Smiths") purchased the Property by way of a loan in the amount of $219,622.00 secured by a Deed of Trust ("DOT") recorded June 27, 2008. (*Id.* ¶ 13).

On December 30, 2011, HOA, through its agent Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien. (*Id.* ¶ 15). On February 23, 2012, HOA recorded a notice of default and election to sell to satisfy the delinquent assessment lien. (*Id.* ¶ 16). On March 19, 2014, HOA recorded a notice of trustee's sale. (*Id.* ¶ 17). BANA requested the super-priority amount HOA alleged was due and tendered what was calculated as the super-priority amount to HOA through NAS on May 8, 2014. (*Id.* ¶ 25). HOA refused BANA's tender. (*Id.*). On May 9, 2014, SFR purchased the Property at the foreclosure sale pursuant to NRS § 116.1113. (*Id.* ¶ 26).

BANA asserts the following causes of action against various parties involved in the foreclosure and subsequent sales of the Property: (1) quiet title with a requested remedy of declaratory judgment; (2) breach of Nevada Revised Statute ("NRS") 116.1113; (3) wrongful foreclosure; (4) injunctive relief. (*Id.*).

---

[1] In light of this ruling, BANA's Motion to Stay Case, (ECF No. 62); SFR's Motion to Allow Case to Proceed, (ECF No. 67); SFR's Motion to Stay in the Alternative, (ECF No. 68); Defendant Aliante Master Association's ("HOA's") First Motion to Dismiss, (ECF No. 86); and HOA's Second Motion to Dismiss, (ECF No. 87), are **DENIED as moot**.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the

court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## II. DISCUSSION

BANA asserts claims against Defendants for quiet title, violation of NRS § 116.1113, wrongful foreclosure, and injunctive relief. The Court first considers the impact of the Ninth Circuit's ruling in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), before turning to BANA's individual claims.

## A. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to

a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

HOA also argues that NRS § 107.090, which "requires that copies of the notice of default and election to sell, and the notice of sale be mailed to each 'person with an interest or claimed interest' that is 'subordinate' to the HOA's super-priority," is "incorporated into NRS Chapter 116 by NRS 116.31168." (HOA's MSJ 8:18–26, ECF No. 32). However, *Bourne Valley* expressly rejected this argument. *Bourne Valley*, 832 F.3d at 1159 ("If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless.").

Accordingly, the HOA foreclosed under a facially unconstitutional notice scheme, and thus the HOA foreclosure cannot have extinguished the DOT. Therefore, the Court must quiet title as a matter of law in favor of BANA as assignee of the DOT.

### B. Plaintiff's Remaining Claims for Violation of NRS § 116.1113, Wrongful Foreclosure, and Injunctive Relief

In its prayer for relief, BANA requests primarily a declaration that SFR purchased the Property subject to its DOT. (*See* Compl. 14:23–24). The other relief requested—with the exception of the injunctive relief—is phrased in the alternative. (*See id.* 13:25–14:3). Therefore, because the Court grants summary judgment for BANA on its quiet title claim, BANA has received the relief it requested. Accordingly, the Court dismisses BANA's second and third causes of action as moot.

With regard to BANA's request for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for BANA moots this claim, and it is therefore dismissed.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Motion for Partial Summary Judgment, (ECF No. 63), is **GRANTED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that SFR's Motion for Partial Summary Judgment, (ECF No. 65), is **DENIED**.

**IT IS FURTHER ORDERED** that SFR's Counter Motion for Summary Judgment, (ECF No. 70), is **DENIED**.

**IT IS FURTHER ORDERED** that BANA's Motion to Stay Case, (ECF No. 62), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that SFR's Motion to Allow Case to Proceed, (ECF No. 67), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that SFR's Motion to Stay in the Alternative, (ECF No. 68), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that HOA's First Motion to Dismiss, (ECF No. 86), and HOA's Second Motion to Dismiss, (ECF No. 87), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that BANA's remaining claims are **DISMISSED with prejudice**.

The Clerk of Court is ordered to close the case.

**DATED** this __8__ day of May, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge