|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 2:16-cv-02258-GMN-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| ALIANTE MASTER ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; NEVADA ASSOCIATION SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| SFR INVESTMENTS POOL 1, LLC, | ) ) | |
| Counter/Cross Claimant, | ) | |
| vs. | ) ) | |
| BANK OF AMERICA, N.A.; ALBERT C. SMITH, an individual; and DAWN D. SMITH, an individual, | ) ) ) | |
| Counter/Cross Defendants. | ) ) ) | |

On May 8, 2018, the Court granted summary judgment to Plaintiff Bank of America, N.A. ("Plaintiff") because, under *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), the Aliante Master Association ("HOA") "foreclosed under a facially unconstitutional notice scheme" and therefore the "foreclosure sale cannot have extinguished" Plaintiff's deed of trust on the property. (Order 6:23–25, ECF No. 100). The Ninth Circuit has since held, however, that Nevada's homeowner's association foreclosure scheme is not facially unconstitutional because the decision in *Bourne Valley* was based on a construction of Nevada law that the Nevada Supreme Court has since made clear was incorrect. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir.

2019) (recognizing that Bourne Valley "no longer controls the analysis" in light of *SFR Investments Pool1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018)). Moreover, for orders from this district that relied on *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), and were thereafter appealed, the Ninth Circuit recently began reversing and remanding such orders in light of *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019). *See, e.g.*, *U.S. Bank, N.A, v. SFR Investments Pool 1, LLC*, No. 18-16006, 2019 WL 6817304, at *1 (9th Cir. Dec. 13, 2019).

Accordingly, to preserve judicial resources,

**IT IS HEREBY ORDERED** that the Court's prior Order, (ECF No. 100), is **VACATED.**

**IT IS FURTHER ORDERED** that the parties shall have thirty days from the date of this Order to file renewed dispositive motions.

The Clerk of Court shall reopen the case and deliver a copy of this Order to the United States Court of Appeals for the Ninth Circuit, Appeal Number 18-16057.

**DATED** this __18__ day of December, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court